```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

FRANCIS X. MORGAN,             )
          Plaintiff,           )
                               )
     v.                        )   C.A. No. 04-10711-WGY
                               )
C.M.S. SERVICES, et al.,       )
          Defendants.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff's application to proceed in forma pauperis is denied without prejudice; and (2) if plaintiff files a new fee waiver application, he is directed to also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

On April 8, 2004, Francis A. Morgan, a federal detainee now incarcerated at the Essex County Correctional Facility, submitted for filing his civil rights complaint concerning his medical treatment. Plaintiff alleges that he has been having serious conflict with the medical department since October 10, 2003. See Complaint ("Compl."), ¶ 6. Specifically, plaintiff complains that Dr. Smith delayed plaintiff's medical treatment "by failure, on more than three occasions, refused to treat [plaintiff's] medical needs." Id. at ¶ 8. Plaintiff further complains that Dr. Smith provided inadequate medical treatment because he prescribed medication for plaintiff without a physical examination. Id. at ¶ 10. Plaintiff

alleges that the medication made plaintiff "very ill." Id. at ¶ 11.

As to nurse practitioner Hall, plaintiff complains of one instance where she denied plaintiff pain medication "that was suggested by plaintiff's specialist at Lemuel Shattuck Hospital." Id. at ¶ 13.

Plaintiff alleges that he seriously injured his back on February 20, 2004 and "was never seen." Id. at ¶ 16. Plaintiff seeks (1) to have this Court order the American Medical Association to investigate Dr. Smith; (2) to have this Court issue a warning to the nurses, including nurse practitioner Hall, not to be biased and indifferent to the medical needs of inmates; and (3) to have the Court award plaintiff damages. Id. pp. 3-4.

## DISCUSSION

### I. Plaintiff Must Either Pay the Filing Fee or Submit a Certified Prison Account Statement

A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914 ($150.00 filing fee); § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form entitled "Application to Proceed Without Prepayment of

Fees and Affidavit" for such applications.

Morgan submitted an application to proceed without prepayment of fees, but did not submit a certified prison account statement for the 6-month period immediately preceding the complaint as required by Section 1915.  See 28 U.S.C. § 1915(a)(1).  Although prisoner litigants may file applications for fee waiver, under Section 1915, they are only excused from having to pay the entire filing fee up-front and the Court must assess an initial partial filing fee.  Id. § 1915(b)(1).[1] The Court cannot assess an initial partial filing fee without Morgan's certified prison account statement.  Thus, Morgan's application will be denied without prejudice to its re-filing with a certified prison account statement.  If Morgan submits the filing fee or a new application with a certified prison account statement, he is also directed to demonstrate good cause why this action should not be dismissed.  If Morgan fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

II.  The Complaint Fails to State a Constitutional Claim

Plaintiff's claim that he was not provided proper medical

---

[1] After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

treatment by the defendants is insufficient to state a Section 1983 claim based on the Cruel and Unusual Punishment Clause of the Eighth Amendment.[2]

Courts consistently have refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.  See e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991) (same).  Only "deliberate indifference" to the serious medical needs of prisoners violates the Eighth Amendment.  Estelle, 429 U.S. at 106.  Deliberate indifference is "conduct that offends evolving standards of decency in a civilized society."  DesRosiers, 949 F.2d at 18 (citations omitted).

To the extent plaintiff seeks to base his claim of inadequate medical treatment on the alleged failure of the defendant doctor to examine plaintiff before prescribing medication, he has failed to state a claim because he is merely alleging disagreement on the appropriate course of treatment.  Such a dispute with an exercise of professional judgment may present a colorable claim of negligence,

---

[2] Pretrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases. See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002) (citations omitted).

but it falls short of alleging a constitutional violation."  <u>Ferranti v. Moran</u>, 618 F.2d 888, 891 (1st Cir. 1980); <u>see</u> <u>also</u> <u>Layne v. Vinzant</u>, 657 F.2d 468, 474 (1st Cir. 1981) ("'[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law'") (citation omitted).

To the extent plaintiff complains of one instance where the defendant nurse practitioner denied plaintiff pain medication, he has failed to state a claim because such allegations do not amount to more than negligence.  <u>See</u>, <u>e.g.</u>, <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence).

Finally, plaintiff seeks to have this Court order the American Medical Association to investigate Dr. Smith.  This Court is not empowered to grant such relief and notes that physicians in Massachusetts are licensed by the Massachusetts Board of Registration in Medicine.

<u>ORDER</u>

Accordingly, it is hereby

ORDERED, plaintiff's application to proceed <u>in</u> <u>forma</u>

pauperis (Docket No. 1) is denied without prejudice to its re-filing with a certified prison account statement within forty-two (42) days from the date of this Memorandum and Order; and it is further

ORDERED, if plaintiff submits the $150.00 filing fee or a new application accompanied by a certified prison account statement, he shall, within forty-two (42) days from the date of this Memorandum and Order, demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above; and it is further

ORDERED, if plaintiff fails to submit a new application or to pay the $150.00 filing fee, this action shall be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 26th day of April, 2004.

/s/ William G. Young

WILLIAM G. YOUNG
CHIEF JUDGE
UNITED STATES DISTRICT COURT